ISAAC BETTIS, impleaded, etc.

*v.*

MARIA L. GREEN *et al.*

*Opinion filed February 14, 1898.*

1. APPEALS AND ERRORS—*to authorize reversal, record must reveal prejudicial error.* To authorize a reversal it must appear from the record not only that error intervened, but that such error was prejudicial, or probably prejudicial, to the party seeking reversal.

2. SAME—*when partition decree will not be reversed at the instance of a tenant.* A partition decree finding that one of the defendants was a tenant from year to year will not be reversed, at his instance, on the ground that such finding was not warranted by the allegations or proof, where the proof shows that his only interest was as tenant but fails to disclose the duration of the tenancy, as, in such case, it may be inferred as well that his tenancy was for a less as for a greater period than a year.

WRIT OF ERROR to the Circuit Court of Monroe county; the Hon. B. R. BURROUGHS, Judge, presiding.

WILLIAM WINKELMANN, for plaintiff in error.

E. P. SLATE, and A. C. BOLLINGER, for defendants in error.

Per CURIAM: This was a bill in chancery to partition the lands of which one John Trout, Sr., died seized, among his heirs. The plaintiff in error was not an heir, but was made defendant to the bill because, as the bill alleged, he was "a tenant or claims to have some interest in the land." Plaintiff in error was duly served but did not answer, and was defaulted and a decree *pro confesso* entered against him. The cause was referred to the master for proof. It appeared from the evidence taken and reported by the master, the said John Trout, Sr., died intestate on or about July 23, 1895, seized of the title to the land, and that plaintiff in error, at the time of the death of said John Trout, Sr., was in possession of a portion of the lands described in the bill, as a tenant of said de-

ceased. The court found, and recited in the decree, the plaintiff in error was a tenant by the year, and that his term expired on the first day of August, 1896. This is a writ of error to reverse the decree as to the plaintiff in error.

It is urged the decree should be reversed because the bill does not set forth the interest or right of plaintiff in error in the premises with that definiteness which the statute in such cases requires, and that the finding and decree of the court that the only interest of the plaintiff in error was that of tenant by the year, are not warranted either by the allegations of the bill taken as confessed, or by the evidence, or both. It appeared from the proofs taken that John Trout, Sr., was seized of the title in fee to the land at the time of his death, and that such title descended to persons other than plaintiff in error, and that the only interest which plaintiff in error had in the lands was as a tenant under the said deceased. Nothing further appears in the record with relation to the character or duration of his tenancy. It may have been a tenancy at will, by sufferance or by the month, and if either, the finding and decree of the court were beneficial to plaintiff in error. It does not positively appear but that his tenancy may have been for a longer period than by the year, and therefore it is possible the decree injuriously affected the plaintiff in error. But it is equally possible it is beneficial to him, and not injurious.

It is well settled that to authorize a reversal of a decree it must appear, not only that an error intervened, but the record must contain enough to raise and justify the inference that the error was prejudicial, or probably prejudicial, to the party who asks reversal. (Elliott on Appellate Procedure, secs. 592, 593, and many cases cited in note 1; Powell on Appellate Proceedings, chap. 4, secs. 105, 112, 113.) It is clear it does not affirmatively appear from the record that the decree sought to be reversed injuriously affected the plaintiff in error. Nor

does anything appear from which an inference arises that the decree inflicted a wrong upon him. The inference that he was benefited may as well be indulged. Whether he was benefited or prejudiced is but a matter of conjecture. The decree of a judicial tribunal cannot be overturned by mere conjecture.

The decree is affirmed.                    *Decree affirmed.*